UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

TYRONE R. WATSON,

        Petitioner,

    v.                                        9:19-CV-0275
                                                  (TJM)
RAYMOND SHANLEY, Superintendent,
Coxsackie Correctional Facility,

        Respondent.

---

APPEARANCES:                                      OF COUNSEL:

TYRONE R. WATSON
Petitioner, pro se
13-A-4239
Coxsackie Correctional Facility
P.O. Box 999
Coxsackie, NY 12051

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

**I.    INTRODUCTION**

Petitioner has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, as well as several exhibits in support of said petition. Dkt. No. 1, Petition ("Pet."); Dkt. No. 1-1-1-2, Exhibits ("Ex."). Petitioner also submitted what this Court has liberally construed to be a motion to amend his petition to add an additional claim to the pending habeas petition. Dkt. No. 1-3.

On March 1, 2019, the Court administratively closed the action because it had not been properly commenced: petitioner did not pay the statutory filing fee or file a properly certified in forma pauperis ("IFP") application. Dkt. No. 2. On March 21, 2019, the Court received the statutory filing fee, and the case was reopened. Dkt. No. 3; Text Order dated 03/21/19 (identifying receipt number for filing fee); Dkt. No. 4, Text Order Reopening Case.

## II.  THE PETITION

Petitioner challenges a 2013 judgment of conviction in Ulster County, upon a jury verdict, of five counts of third degree criminal sale of a controlled substance, six counts of third degree criminal possession of a controlled substance, and second degree criminal use of drug paraphernalia. Pet. at 1; *see also People v. Watson*, 150 A.D.3d 1384, 1384 (3rd Dep't 2017).[1,2] The New York State Supreme Court, Appellate Division, Third Department, affirmed the judgment of conviction, and, on August 2, 2017, the New York Court of Appeals denied leave to appeal. Pet. at 1-3; *Watson*, 150 A.D.3d at 1388, *lv. denied*, 29 N.Y.3d 1135 (2017).

On March 7, 2018, petitioner filed a motion to vacate his judgment pursuant to New York Criminal Procedure Law § 440.10. Pet. at 3-4; Dkt. No. 1-1 at 1-12. On September 11, 2018, the motion was dismissed. Dkt. No. 1-2 at 31-35. Petitioner attached, as an exhibit, his application for leave to appeal from the county court's denial; however, none of the pages of the motion are signed or dated. Dkt. No. 1-2 at 48-62; *see also* Pet. at 4-5 (indicating that an application for leave to appeal was filed, as well as the grounds upon which it was filed).

---

[1] Citations to the petition refer to the pagination generated by CM/ECF, the Court's electronic filing system.

[2] Petitioner's references to the dates which decisions from his direct appeal were allegedly rendered, and the accompanying case citations, are slightly incorrect in his petition. The Court sees these minor inconsistencies as nothing more than unintentional errors.

2

Moreover, within the body of the presently pending habeas petition, petitioner does not indicate a date on which the application was filed or answer the question inquiring about any pending actions or appeals. Pet. at 4, 11. This is unusual given the fact that the rest of the questions within the petition were answered completely.

Petitioner contends that he is entitled to habeas relief because (1) the trial court erred in not dismissing the pending criminal charges against him when the prosecution was unable to produce the confidential informant to testify at trial (Pet. at 5-7); (2) the trial court erred in admitting evidence of petitioner's prior drug possession which occurred ten years earlier (*id.* at 7-8); (3) the trial court erred in its *Sandoval* rulings by (a) failing to properly consider the circumstances of the instant case, and (b) allowing inquiry into areas of petitioner's life that were more prejudicial than probative (*id.* at 8-10); and (4) the sentence was harsh and excessive (*id.* at 10-11). For a more complete statement of petitioner's claims, reference is made to the petition and supporting exhibits.

## III. DISCUSSION

An application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A), (B)(i), (ii).

To satisfy the exhaustion requirement, a petitioner must do so both procedurally and substantively. Procedural exhaustion requires that a petitioner raise all claims in state court prior to raising them in a federal habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Substantive exhaustion requires that a petitioner "fairly present" each claim

3

for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted). In other words, petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

Here, the Court is unable to determine whether petitioner's claims have been properly exhausted. Petitioner does not indicate whether or not his 440 motion is still pending. While there is evidence that petitioner intended to appeal the trial court's denial of said motion, it is unclear whether that application was filed with, considered by, or decided upon by the Third Department. Accordingly, petitioner is given leave to file an amended petition within thirty (30) days of the filing date of this Decision and Order that clarifies the procedural posture of that motion.

However, to the extent petitioner seeks to amend his petition to include an alleged speedy trial violation, such a request is, at this point, denied for several reasons.[3]

---

[3] Depending on if and when petitioner exhausted his 440 motion, if petitioner still wishes to raise his speedy trial claims, the best course of action may be to voluntarily withdraw the current petition, finish exhausting petitioner's state court remedies, and the refile the habeas petition.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, established a one-year statute of limitations for prisoners to seek federal review of their state court criminal convictions. 28 U.S.C. § 2244(d)(1). The one-year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 & n.9 (2012). For purposes of section 2244, a state conviction becomes "final" when the United States Supreme Court denies an application for a writ of certiorari or when the time to seek certiorari has expired, which is ninety days after the date on which the highest court in the state has completed direct review of the case. *Gonzalez*, 565 U.S. at 150; *Saunders v. Senkowski*, 587 F.3d 543, 547-49 (2d Cir. 2009).

The one-year limitation period under AEDPA is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *Saunders*, 587 F.3d at 548. The tolling provision "excludes time during which properly filed state relief applications are pending, but does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam). The tolling provision excludes from the limitations

4

Motions to amend habeas petitions are governed by Rule 15 of the Federal Rules of Civil Procedure. *Littlejohn v. Artuz*, 271 F.3d 360, 363 (2d Cir. 2001); *Fama v. Comm'r of Corr. Servcs.*, 235 F.3d 804, 815-16 (2d Cir. 2000); *see* 28 U.S.C. § 2242 (a habeas petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions"). Under Rule 15(a)(2), a party may amend its pleadings upon consent of the opposing party or leave of the court, and "court[s] should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). A court may deny a motion to amend where the proposed amendment would be futile. *O'Hara v. Weeks Marine, Inc.*, 294 F.3d 55, 69 (2d Cir. 2002).

Here, even before reaching the merits of the motion, the submission presently before the Court is not in compliance with N.D.N.Y. Local Rule 7.1(a)(4). This alone is a sufficient reason to deny petitioner's motion to amend. Moreover, petitioner has admitted the claim is unexhausted because "no state judge had a chance to decide on the issue." Dkt. No. 1-3. A motion to amend filed prior to the exhaustion of petitioner's state court remedies would be denied as futile. *See Simpson v. Yelich*, No. 9:18-CV-0417 (GTS/TWD), 2018 WL 4153928,

---

period only the time that the state relief application remained undecided, including the time during which an appeal from the denial of the motion was taken. *Saunders*, 587 F.3d at 548; *Smith*, 208 F.3d at 16.

    In this case, petitioner's conviction was affirmed by the Court of Appeals on August 2, 2017. Pet. at 1-3; *Watson*, 29 N.Y.3d at 1135. Petitioner's conviction became "final" for purposes of the AEDPA ninety days later, on October 31, 2017, when the time to seek certiorari expired. *Thaler*, 565 U.S. at 149. Petitioner had one year from that date, or until October 31, 2018, to file a timely federal habeas petition.

    However, statutory tolling was triggered by petitioner's filing of his 440 motion on March 7, 2018. Accordingly, at that time 127 days of the statute of limitations time period had passed. Tolling is appropriate for the length of time the motion is pending in court. Therefore, if petitioner's 440 appeal is still pending, then only 127 days of the statute of limitations has expired, providing petitioner with ample time to exhaust his speedy trial remedies in state court and re-file the present petition. However, even if tolling ceased on September 11, 2018, when the 440 motion was denied, only an additional 164 days had elapsed between that date in September and the date this habeas petition was filed. Accordingly, petitioner still has sufficient time during which he could withdraw his petition and exhaust any outstanding state law issues. However, in the latter scenario, petitioner must be vigilant while pursuing this option as there is only about a month left in the statute of limitations.

5

at *3 (N.D.N.Y. Aug. 30, 2018) (citations omitted) (denying motion to amend a petition to add an admittedly unexhausted claim as futile).

Accordingly, until the speedy trial claim has been exhausted in the state courts, it is inappropriate seek its inclusion in the pending habeas petition via a motion to amend. This is because any such amendment would be futile. Therefore, petitioner's motion is denied.

## IV. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that petitioner's motion to amend, Dkt. No. 1-3, is **DENIED**; and it is further

**ORDERED** that petitioner must either (1) voluntarily withdraw the petition in order to exhaust the appropriate state court remedies and promptly re-file the habeas petition or (2) clarify the procedural posture of his 440 motion by filing an amended petition **within thirty (30) days** of the filing date of this Decision and Order; and it is further

**ORDERED** that the Clerk is directed to provide petitioner with a blank § 2254 habeas petition for that purpose. If petitioner chooses to clarify the procedural posture of his claims via a motion to amend, petitioner shall fully complete each and every part of the blank petition, including the parts that require him to state the name and location of the court that entered the judgment of conviction, the date of the judgment of conviction, the offense(s) for which he was convicted, the length of the sentence he received, and the date on which the court imposed the sentence. The amended petition must clearly list the date(s) on which petitioner filed any application(s) for state post-conviction or other collateral review concerning the subject conviction, including any direct appeal, and any post-conviction motions to vacate his conviction or modify his sentence, the name and location of the court in

which he filed each application and the date on which each court denied each application. Petitioner must also clearly state each claim he wants the court to consider, and the facts supporting each claim, in the petition.

Petitioner must not incorporate any portion of any prior petition into his amended petition by reference. Petitioner must include all relevant information in the amended petition in accordance with the terms of this Decision and Order; and it is further

**ORDERED** that if petitioner fails to clarify his intentions by either voluntarily withdrawing the petition or filing an amended petition **within thirty (30) days** of the filing date of this Decision and Order, the Clerk shall enter judgment dismissing this action without further order; and it is further

**ORDERED** that upon the filing of any motion to withdraw or amend the petition, the Clerk shall forward the file to the Court for further review; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on petitioner in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 28, 2019

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge