UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

TYRONE R. WATSON,

   Petitioner,

v.              9:19-CV-0275
                 (TJM)
RAYMOND SHANLEY, Superintendent,
Coxsackie Correctional Facility,

   Respondent.

---

APPEARANCES:           OF COUNSEL:

TYRONE R. WATSON
Petitioner, pro se
13-A-4239
Coxsackie Correctional Facility
P.O. Box 999
Coxsackie, NY 12051

HON. LETITIA JAMES         ALYSON J. GILL, ESQ.
Attorney for Respondent        Ass't Attorney General
New York State Attorney General
The Capitol
Albany, New York 12224

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

**I. BACKGROUND**

  Tyrone Watson filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, as well as a motion to amend his petition to add an additional claim. Dkt. No. 1, Petition ("Pet."); Dkt. No. 1-1-1-2, Exhibits ("Ex."); Dkt. No. 1-3.[1]

---

[1] Citations to the parties' filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

On March 1, 2019, the Court administratively closed the action because it had not been properly commenced: petitioner did not pay the statutory filing fee or file a properly certified in forma pauperis ("IFP") application. Dkt. No. 2. On March 21, 2019, the Court received the statutory filing fee, and the case was reopened. Dkt. No. 3; Text Order dated 03/21/19 (identifying receipt number for filing fee); Dkt. No. 4, Text Order Reopening Case.

On March 28, 2019, this Court entered a Decision and Order denying petitioner's motion to amend and ordering petitioner to either voluntarily withdraw his petition or file an amended petition. Dkt. No. 5, Decision and Order dated 03/28/19 ("March Order"). Specifically, the Court asked petitioner to clarify whether he wanted to pursue his proposed speedy trial claims, which would require him to exhaust his state court remedies and then re-file his petition, or whether petitioner wanted to move forward with an amended petition, which needed to specify when petitioner's 440 motion was filed with, considered by, and decided upon by the Third Department. March Order at 4-6.

On April 29, 2019, the Court received an amended petition. Dkt. No. 6, Amended Petition ("Am. Pet."). In compliance with the March Order, petitioner clarified the dates of the state court decisions associated with his 440 motion and indicated that he did not wish to withdraw his petition or further pursue his speedy trial claims. *Id.* at 1-2. Additionally, petitioner outlined all relevant claims which he wished to include in his amended petition. *Id.* at 2. Those claims alleged that petitioner was entitled to habeas relief because (1) the trial court erred in not dismissing the pending criminal charges against him when the prosecution was unable to produce the confidential informant to testify at trial (Am. Pet. at 6-8); (2) the trial court erred in admitting evidence of petitioner's prior drug possession which occurred ten

years earlier (*id.* at 8-10); (3) the sentence was harsh and excessive (*id.* at 10-12); (4) petitioner was denied a fair trial due to prosecutorial misconduct when (a) the prosecution presented false evidence to the jury (*id.* at 13-14); (b) the prosecutor made inappropriate remarks during summation (*id.* at 14-15); and (c) the prosecutor furnished a false indictment notice to prevent petitioner from appearing at his preliminary hearing (*id.* at 15-16); (5) counsel's performance was ineffective (*id.* at 16-17); and (6) petitioner was actually innocent (*id.* at 17-18). The Court directed respondent to answer the amended petition. Dkt. No. 7, Decision and Order dated 05/02/19 ("May Order").

Respondent requested, and received, three extensions and permission to file an oversized brief. Dkt. No. 8, First Extension Request; 9, Text Order; 10, Second Extension Request; 11, Text Order; 12, Third Extension Request; 13, Text Order; 16, Letter Motion; 17, Text Order; 18.

Presently before the Court is petitioner's motion to stay the petition. Dkt. No. 21.

## II.    MOTION TO STAY

Petitioner's motion to stay is, at best, difficult to decipher. Petitioner seeks a stay "[t]o raise jurisdictional issue[]s not on record," that could not previously be litigated, "because this information was hidden or withheld . . . until the prosecutor filed the opposition to petitioner's 440.10 motion." Dkt. No. 21 at 1. Petitioner also includes a certification that he provided a copy of his motion to respondent's counsel and a verification as to the allegations contained therein. *Id.* at 2-3.

When a district court is presented with a "mixed petition" containing both exhausted and unexhausted claims, it may dismiss the petition without prejudice or retain jurisdiction

3

over the petition and stay further proceedings pending exhaustion of state remedies. *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). This "stay and abeyance" procedure should be "available only in limited circumstances" where the petitioner can show both (1) "good cause" for failing to "exhaust his claims first in state court" and (2) that his unexhausted claims are not "plainly meritless." *Id.* at 277. While there is no exact definition of what constitutes good cause,

> [d]istrict courts in this Circuit have primarily followed two different approaches. . . . Some courts find "that a petitioner's showing of 'reasonable confusion' constitute[s] good cause for failure to exhaust his claims before filing in federal court." . . . Other courts require a more demanding showing – that some external factor give rise to the petitioner's failure to exhaust the claims.

*Knight v. Colvin*, No. 1:17-CV-2278, 2019 WL 569032, at *4 (E.D.N.Y. Feb. 11, 2019) (internal citations omitted).

Even assuming petitioner has surpassed the first hurdle and presented a "mixed" petition to the Court, petitioner's motion still fails. Regardless of the approach this Court adopts, petitioner has not alleged any facts that would support a finding of good cause for failing to present all of his claims to the appropriate state courts prior to filing this petition. *Rhines*, 544 U.S. at 277.

Petitioner's present motion is devoid of any factual allegations about what the jurisdictional infirmity was with his underlying state court proceedings or why he failed to raise it before this point. However, per petitioner's motion, it is clear that petitioner was aware of the factual basis underlying this potential claim when the state responded to his 440 motion – sometime prior to its denial in September of 2018. *See* Dkt. No. 21 at 1 ("Petitioner did not know of this Subject Matter Jurisdiction issue until the prosecutor filed the opposition to

4

petitioner's motion."); Am. Pet. at 1 (listing procedural history of the 440 motion). This Court already presented Petitioner with an opportunity to amend his petition and move to stay the proceedings to exhaust additional claims. *See* March Order at 4-6. Petitioner noted that his 440 motion had terminated, exhausting the claims brought therein, and explicitly indicated that he did not wish to add additional claims to his petition and specifically outlined the aforementioned claims as the sole basis of his petition. Am. Pet. at 1-2 (explaining that petitioner withdrew any speedy trial claim as unexhausted and instead wished "to proceed with those claim[s] that were properly brought before this Court in this petition, that is now before this Court.").

Petitioner did not allege confusion, let alone reasonable confusion, regarding how exhaustion worked. In fact, prior to the present petition, petitioner already filed and appealed a 440 motion collaterally attacking his criminal conviction and then, during the course of the present proceedings, explicitly represented to this Court that he did not wish to amend his petition to add any newly exhausted claims. Am. Pet. at 1-2, 19. Such actions demonstrate that reasonable confusion cannot serve as the basis for good cause. *See Holguin v. Lee*, No. 1:13-CV-1492, 2013 WL 3344070, at *3 (S.D.N.Y. July 3, 2013) (holding petitioner was not reasonably confused on how to exhaust his claims where "he explicitly states in his motion that he is seeking a stay of his habeas petition so that he can exhaust his unexhausted claims in New York State Court."). Instead, petitioner provided no explanation to the Court for why he failed to exhaust his claims in the first place. *See Carr v. Graham*, 27 F. Supp. 3d 363, 365 (W.D.N.Y. 2014) ("Petitioner has not attempted to explain why he failed to exhaust, at an earlier time, either the unexhausted claims originally raised in his habeas petition or the new claims he wishes to add to his petition."); *McCrae v. Artus*, No. 1:10-CV-

5

2988, 2012 WL 3800840, at *9 (E.D.N.Y. Sept. 2, 2012) (denying motion to stay where, "[e]ven assuming petitioner's trial counsel was deficient and that his appellate counsel was deficient for failing to raise certain issues on appeal, neither explains why petitioner came to federal court before filing a § 440 collateral attack or *coram nobis* petition."). This failure is fatal to petitioner's motion.

Moreover, petitioner has not shown any objective factor that was responsible for his failure to previously exhaust. "District courts cannot grant petitioner a stay of his habeas petition for the sole reason that petitioner failed to bring his claim earlier." *Knight*, 2019 WL 569032, at *5 (internal quotation marks and citations omitted). Further, federal courts should not "be turned into a jurisdictional parking lot for unexhausted claims." *Hust v. Costello*, 329 F. Supp. 2d 377, 380 (E.D.N.Y. 2004) (internal quotation marks omitted); *see also Rodriguez v. Griffin*, No. 9:16-CV-1037 (DNH), 2017 WL 1283766, at *2 (N.D.N.Y. Apr. 5, 2017).

Because petitioner failed to demonstrate good cause, the Court need not consider whether petitioner's claims are plainly meritless. Accordingly, based on the foregoing, petitioner's motion to stay is denied.

## III. REMAINING ISSUES

On October 31, 2019, respondent's counsel filed several documents with the Court. Dkt. Nos. 18-20. In deciding the motion to stay, the Court reviewed respondent's submissions.

Specifically, on October 31, 2019, respondent filed a "Response," which was entered on this Court's docket report as Docket Number 18. This submission, however, does not include the answer or a memorandum of law. *See* Dkt. Entry for Dkt. No. 18 (labeling

6

submission as "RESPONSE to Petition"). Instead, the submission is the "State Court Record" and is 860 pages in length. Dkt. No. 18. On the same date, respondent filed the State Court Record, entered on the Court's docket report as Docket Number 20. This entry is composed of two sections: the main entry is 860 pages in length and the attachment, entitled "Transcripts," is 969 pages in length. Docket Number 18 and Docket Number 20 are identical. Respondent contemporaneously filed a certificate of service on October 31, 2019, indicating that, on that same date, petitioner was served with "(1) respondent's answer; with the attached state court record, in opposition to the petition for a writ of habeas corpus; and (2) respondent's memorandum of law, and (3) the unreported cases[.]" Dkt. No. 19. The Court's docket, as it is presently constituted, does not include respondent's answer or the memorandum of law.

In sum, it appears that a second set of the state court records was inadvertently uploaded onto the docket report in lieu of the answer and memorandum of law. Assuming the certificate of service is accurate, the discrepancy on the docket appears to be nothing more than a clerical error because the certificate of service indicates the answer and memorandum of law were properly mailed to petitioner and petitioner never mentioned in his motion to stay that he did not receive the respondent's answer or, more specifically, that instead of a memorandum of law respondent received two copies of the State Court Record.

However, given the special solicitude extended to pro se litigants and the importance of protecting a petitioner's rights via a habeas corpus petition, in order to ensure that this action has been fully briefed and timely served, counsel for respondent is directed to file an affirmation with the Court specifying what documents were served upon petitioner and when said documents were served. Respondent's counsel shall have one week from the filing of

this Decision and Order to submit said affirmation with the Court. Further, in order to ensure the Court has all relevant documents prior to evaluating the pending amended petition, respondent's counsel is also directed to attach a copy of the answer and memorandum of law to the affirmation. No additional submissions, other than those outlined in this Decision and Order, are required from either party until the Court has the opportunity to review the affirmation.

## III. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that petitioner's motion to stay this action, Dkt. No. 21, is **DENIED**; and it is further

**ORDERED** that respondent's counsel shall file an affirmation, within one week of this Decision and Order, explaining what documents were served upon petitioner and when said service occurred. Outside of this requested submission from respondent's counsel, the Court does not require any further filings from either party until it has had the opportunity to evaluate counsel's affirmation and determine how the action should proceed; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order upon the parties in accordance with the Court's Local Rules of Practice.

Dated: December 18, 2019

Thomas J. McAvoy
Senior, U.S. District Judge